In the Matter of THE HOLLOW METAL TRUST FUND et al., Respondents, v SAW MILL AUTO SALES, INC., Appellant. [942 NYS2d 347]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered November 19, 2010, which granted petitioner's motion to confirm an arbitration award in the amount of $24,650 plus interest and denied respondent's cross motion to vacate the award, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted, the award vacated, and the matter remanded to the arbitrator for a hearing, in accordance with this opinion, to redetermine the attorney's fees and disbursements to which petitioner is entitled. Appeal from order, same court and Justice, entered February 7, 2011, unanimously dismissed, without costs, as academic in light of the foregoing.

The collective bargaining agreement and the trust agreements between the parties did not require respondent, who prevailed in the arbitration proceeding, to pay the expenses of the litigation other than fees and costs incurred in bringing the underlying federal action to compel an audit. Respondent, however, was never afforded an opportunity to review the invoices upon which the award of legal fees to petitioner was made. These invoices apparently included fees for legal services that were outside the scope of the parties' agreement. As such, respondent was denied due process and we remand for a hearing to determine the fees in connection with compelling the audit and instruct that respondent be provided all evidence in the record regarding petitioner's legal fees. Concur—Tom, J.P., Catterson, Richter, Abdus-Salaam and Roman, JJ.